# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 01200 | **DATE** | 2/20/2013 |
| **CASE TITLE** | Talley v. The Habitat Company | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed in forma pauperis [4] is granted. The plaintiff may prosecute her case without paying the filing fee. The motion for appointment of counsel [5] is denied. For the reasons set forth below, the plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is granted leave to file an amended complaint on or before March 22, 2013.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

The plaintiff's initial complaint is hereby dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Here, the precise nature of the plaintiff's claim is hard to discern: she uses the form complaint for alleging a violation of constitutional rights and indicates that that the defendant "conspired together to violate one or more of the plaintiff's civil rights," but her narrative does not illuminate such a claim. First, there is only one defendant named, and no facts are supplied to suggest who "conspired together." Second, the complaint contains no factual allegations tending to show that the defendant, who is apparently the plaintiff's landlord or property manager, is a government entity or has acted under color of state law, which is a prerequisite for liability for a constitutional violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 (7th Cir. 2010). To have acted under color of state law, a defendant's actions must be fairly attributable to some government entity. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009). Finally, the plaintiff does not refer to any particular constitutional right (*e.g.*, equal protection, due process) that was allegedly infringed. Given these shortcomings, the complaint fails to put the defendant on notice of any plausible basis for a constitutional claim.

It could be that the plaintiff does not intend to allege a constitutional violation; her motion for appointment of counsel, but not her complaint, refers to "housing discrimination," which suggests a potential claim under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. Plaintiff is not required to plead particular legal theories, but she is required to put the defendant on fair notice of the basis of her claims. If she wishes to bring a statutory claim of "housing discrimination" either instead of, or in addition to, a constitutional claim, she should provide a short and plain statement of that claim with supporting factual allegations in her amended complaint.

Finally, the plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff may file another such motion, with a more detailed explanation of her efforts to obtain legal representation, including whether she contacted any attorneys who work on a contingency fee basis.

| | Courtroom Deputy Initials: | |
|---|---|---|